## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORGE MONGE<br>7901 Spiceberry Circle, Apt J<br>Gaithersburg, Maryland 20877<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>J.O. PAINTING COMPANY, INC.<br>9133 6th Street<br>Lanham, Maryland 20706<br><br>SERVE: Jose J. Ortiz<br>9133 6th Street<br>Lanham, Maryland 20706<br><br>and<br><br>JOSE J. ORTIZ<br>9133 6th Street<br>Lanham, Maryland 20706<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*      Civil Action No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jose Monge ("Plaintiff"), by and through undersigned counsel, on behalf of

himself and all others similarly situated, hereby submits his Collective Action Complaint against

Defendants J. O. Painting Company, Inc. ("JOPC") and Jose J. Ortiz ("Ortiz") (together,

"Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of

1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and the D.C. Wage Payment and Wage

Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1.     Plaintiff is an adult resident of the State of Maryland who at all times performed a substantial amount of work duties for Defendants in the District of Columbia as well as the State of Maryland and Commonwealth of Virginia.  By acting as the named Plaintiff in this lawsuit, Plaintiff confirms his consent to participate as a plaintiff in a Collective Action under the FLSA.

2.     JOPC is a corporation formed under the laws of the State of Maryland with its principal place of business in Lanham, Maryland.  At all times relevant, JOPC regularly and substantially engaged in work duties in the District of Columbia as well as the State of Maryland and the Commonwealth of Virginia.

3.     Ortiz is, and was at all times relevant, the President and principal owner of the JOPC.  At all times, JOPC was Plaintiff's supervisor and independently made all decisions related to Plaintiff's rate and method of pay.  At all times, Ortiz was in charge of all day-to-day operations of JOPC.

4.     At all times relevant, both Defendants were Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

5.     During Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)) and Plaintiff was an employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

8.     During Plaintiff's term of employment with Defendants, Defendants' promised and explicitly agreed to pay Plaintiff at hourly rates prescribed on all Federal Government Contracts, consistent with the required rates as set forth under the Davis Bacon Act, 40 U.S.C.A. § 3141, *et seq.* ("Davis Bacon").

9.     Despite Defendants' promise and agreement to pay Plaintiff at the rates prescribed for carpenters and scaffolders by Davis Bacon, Defendants' failed and refused to pay Plaintiff at his promised and agreed upon Davis Bacon rates for all hours worked (including overtime and non-overtime hours worked).

10.     Plaintiff was employed by Defendants from about February 2010 through September 2010 (34.4 weeks); from April 9, 2011 through about July 29, 2011 (15.9 weeks); and from September 8, 2012 through May 3, 2013 (33.9 weeks) (total, approximately 84.2 weeks).

11.     During the period of Plaintiff's employment, Plaintiff primarily performed commercial painting job duties on Federal Government Contracts, notably, the United States Pentagon, United States Courthouse, and United States Park Police facilities in Washington, D.C. and the surrounding metropolitan area.

12.     For work performed by Defendants on each Federal Government Contract entered into by Defendants, Defendants guaranteed they would compensate all of their employees, including Plaintiff, for work performed at the required Davis Bacon or "scale" rate for painters ($24.64 + Fringes $8.04 = $32.68 per hour).

13.     At all times, Plaintiff was an explicitly intended beneficiary of each Federal Government Contract with contractual rights to promised wages at $32.68 per hour.

14.     Defendants did not ever pay Plaintiff as they affirmed they would under the penalties of perjury on Federal Government Contractors.

15.     Defendants regularly and customarily paid Plaintiff at the rate of pay of either $15.00 per hour; $21.00 per hour; and later $22.00 per hour for work performed on Federal Government Contracts.

16.     Defendants now owe Plaintiff unpaid wages equal to the difference between the rate Defendants paid to Plaintiff and the rate Defendants were required by Davis Bacon to pay Plaintiff for all hours worked.

17.     Further, Federal and District of Columbia Law mandate that, for hours Plaintiff worked in excess of forty (40) per week, Defendants were required to pay Plaintiff at the rate of one-and-one-half (1½) times  Plaintiff's Davis Bacon rate $49.02 ($32.68 * 1.5 = $49.02) per overtime hour.

18.     Defendants did not pay Plaintiff at the Federal and District of Columbia required overtime rate.

19.     Rather, Defendants paid Plaintiff at his regular (non-Davis Bacon) hourly rate for all hours worked per week in excess of forty (40).

20.    Plaintiff is owed unpaid non-overtime wages in the approximate amount of $33,437.50

($32.68 required per hour - $21.00 paid per hour = $11.68 owed per hour * 40 non-overtime

hours per week = $467.20 owed per week for non-overtime hours worked * 84.2 weeks =

$39,338.24 * 0.85 (to account for non-government contracts weeks) = $33,437.50).

21.    Plaintiff is owed unpaid overtime wages in the approximate amount of $15,335.35

($49.02 required per overtime hour - $21.00 paid per overtime hour = $28.02 owed per overtime

hour * approximately 10 overtime hours per week = $280.02 per week * 84.2 weeks =

$23,592.84 * 0.65 to account for overtime worked at non-government contracts / blended rate

calculations / weeks with less or no overtime = $15,335.35);

22.    In addition to unpaid non-overtime and overtime wages owed, Defendants owe Plaintiff

statutory or "liquidated" damages in an equal amount pursuant to Federal and District of

Columbia law in the approximate amount of $54,673.59 ($39,338.24 + $15,335.35 =

$54,673.59).

## COLLECTIVE ACTION ALLEGATIONS

23.    Plaintiff is pursuing this action as an FLSA collective action on behalf of himself and all other

similarly situated individuals who performed painting and related work duties for Defendants.

24.    The essence of this entire collective action case is that the Plaintiff and other similarly situated

individuals were not paid overtime wages in compliance with the overtime compensation requirements

of Federal and District of Columbia law.

25.    Common to the claims of Plaintiff and all class members is that each individual received

overtime compensation from Defendants at a rate less than what is required by Federal and District of

Columbia Law.

26.     In the present case, the number of class members is believed to exceed thirty (30) current and former employees of Defendants.

27.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

28.     Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not paid for overtime hours as prescribed by Federal and District of Columbia Law; and (3) did not perform work which would qualify them as exempt from the overtime requirements of Federal and District of Columbia Law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

29.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-29 above, as if each were set forth herein.

30.     The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31.     At all times, Plaintiff was an "employee" covered by the FLSA, and both Defendants were Plaintiff's "employers" under the FLSA.

32.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate equal to  the higher of one-and-one-half (1½) times Plaintiff's regular rate of pay or one-and-one-half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate of pay for overtime hours worked each week in excess of forty (40).

33.     Plaintiff worked overtime hours in excess of forty (40) hours per week on a consistent and regular basis while in Defendants' employ and Defendants had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

34.     At no time during Plaintiff's employment was Plaintiffs paid at the rate of one-and-one-half (1½) times either Plaintiff's promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40).

35.     Plaintiff is entitled to, and is owed, overtime pay in the amount of the difference between the amount Plaintiff was paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiff's promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiff's regular hourly rate for all hours worked each week in excess of forty (40).

36.     Defendants have failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by the FLSA for numerous overtime hours worked.

37.     Defendants' failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

38.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-38 above, as if each were set forth herein.

39.     Plaintiff was an "employee" and both Defendants were Plaintiff's "employers" within the meaning of the DCMWA.

40.     Pursuant to the DCMWA, Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate of the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate of pay for overtime hours worked each week in excess of forty (40).

41.     Plaintiff worked overtime hours substantially in the District of Columbia in excess of forty (40) hours per week on a consistent and regular basis while in Defendants' employ and Defendants had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

42.     At no time during Plaintiff's employment was Plaintiff paid at the rate of one-and-one-half (1½) times either Plaintiff's promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40).

43.     Plaintiff is entitled to, and owed, overtime pay in the amount of the difference between the amount Plaintiff was paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiff's promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiff's regular hourly rate for all hours worked each week in excess of forty (40).

44.     Defendant has failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by the DCMWA for numerous overtime hours worked.

45.     Defendants' failure and refusal to pay compensation as required by the DCMWA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

46.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-45 above, as if each were set forth herein.

47.     Plaintiff was an "employee," and both Defendants were Plaintiff's "employers" within the meaning of the DCWPA.

48.     Under the DCWPA, Defendants, as Plaintiff's employers, were obligated to pay Plaintiffs all wages promised for work that Plaintiff performed.

49.     "Wages" are defined under DCWPA as, "monetary compensation after lawful deductions, owed by an employer for labor or services rendered…"

50.     Plaintiff worked many hours for Defendants in the District of Columbia for which Defendants' failed and refused to pay Plaintiff all wages promised and agreed at Plaintiff's Davis Bacon rate for job duties performed at or before the end of Plaintiff's employment with Defendants.

51.     Defendants owe Plaintiff back wages equal to the difference between the rate Defendants' paid Plaintiff for hours worked and the Davis Bacon rate Plaintiff was promised and agreed to under the DCWPA.

52.     Defendants' failure and refusal to pay Plaintiff all wages promised and agreed to at or before the end of Plaintiff's employment with Defendants as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

                                        Respectfully submitted,

                                        Gregg C. Greenberg, Bar No. MD17291
                                        The Zipin Law Firm, LLC
                                        836 Bonifant Street
                                        Silver Spring, Maryland 20910
                                        Phone: 301-587-9373
                                        Fax: 301-587-9397
                                        Email: ggreenberg@zipinlaw.com

                                        *Counsel for Plaintiff*